UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| TERRANCE BROWN, | ) | |
| | ) | |
| Petitioner, | ) | No. 7:23-CV-41-REW |
| | ) | |
| v. | ) | |
| | ) | |
| USP BIG SANDY, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In March of this year Terrance Brown, an inmate confined at the federal penitentiary in Inez, Kentucky, sent a document to this Court titled "Motion to grant and execute warrant on premises to collect Federal Complaint deposition information and analyze also search the person of Terrance Brown." *See Brown v. USP Big Sandy Penitentiary*, No. 7:23-CV-27-REW (E.D. Ky. 2023), DE 1 (Complaint). The letter requested a federal investigation of undefined purpose and scope to be conducted at the prison "regarding a crime of violence, a violation against civil rights, and etc." *See id*. at 1; DE 1-1 at 3 (Letter). The Clerk docketed Brown's letter as a civil rights complaint for administrative purposes. *See id*. DE 1 (Complaint). Two weeks later, Brown sent a letter requesting that the Clerk send him a form petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See id.* at DE 4 (letter).

The Court upon initial review dismissed Brown's construed complaint, noting numerous deficiencies including the absence of Court authority to order federal law enforcement officials to conduct investigations. *See Id.* at DE 6 (Order). The Court separately directed the Clerk to send Brown the form habeas corpus petition he had requested along with the documents necessary to seek pauper status. *See Id.* at DE 5 (Order).

1

Shortly thereafter Brown filed three additional documents, including a handwritten version of his original complaint, a motion to appoint counsel to assist him in filing a Section 2241 petition, and another letter directed to the undersigned requesting guidance as to the proper means to obtain discovery. *See Id.* at DE 7 (Letter), DE 9 (Motion), and DE 10 (Letter). In the second letter, Brown explained that during a prior surgery he received for a gunshot wound, doctors had implanted a "pen register" and a microphone into his body, running from his groin to his head. Brown indicates that the device collects, records, transmits, and emits sounds, causing him great mental disturbance. *See Id.* at DE 10 at 1-2. The Court entered an Order denying relief in the already-closed case but advising Brown that he could seek habeas counsel appointment if he filed a new Section 2241 petition and that he could file a new civil action regarding his latest allegations if he wished. *See Id.* at DE 11 (Order).

Brown filed his habeas corpus petition in this action shortly thereafter. *See* DE 1 (Petition). Brown used the provided form, although he left it almost entirely blank. Brown states that his petition concerns discovery of the "pen register" and seeks a deposition in furtherance of a federal criminal complaint or investigation. *See Id.* at 1, 8. Brown indicates that payment of the filing fee is (or may be) forthcoming. *See* DE 1-1 at 1 (letter). He also filed a separate motion requesting the appointment of counsel pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A. *See* DE 3 (motion).

Federal law directs the Court to deny an application for a writ of habeas corpus if it is apparent that the petitioner is not entitled to the relief requested. *See* 28 U.S.C. § 2243; *see also Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021). Brown, apparently misconstruing the Court's final Order in his earlier case, seeks a writ of habeas corpus to compel an investigation into his claims. But as previously explained, the Court lacks the authority to do so as a general

matter. *Cf. United States v. Nixon*, 94 S. Ct. 3090, 3100-01 (1974) (noting that the decision to investigate any particular matter is left to the discretion of the Attorney General). This is doubly so in a habeas corpus proceeding, where the available remedy is earlier or immediate release from custody rather than relief from conditions of confinement. *See Preiser v. Rodriguez*, 93 S. Ct. 1827, 1833 (1973) ("... the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."); *Rasul v. Bush*, 124 S. Ct. 2686, 2692 (2004). Habeas corpus relief is not the proper mechanism to seek relief other than release from custody. *See Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1969-70 (2020); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("§ 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits."). The Court will therefore deny the petition, leaving Brown free to assert his claims or seek relief by other appropriate means. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Accordingly, the Court **ORDERS** as follows:

1. The Court **DENIES** Terrance Brown's DE 1 petition for a writ of habeas corpus.
2. The Court **DENIES** all pending motions as moot.
3. This Court directs the Clerk to **STRIKE** this matter from the docket.

This the 12th day of May, 2023.



Signed By:
*Robert E. Wier*
**United States District Judge**